Judge Simpsoh
delivered the opinion of the Court.
This bill was exhibited by Lawson’s administrators for the settlement of the estate of their intestate.. In it they allege that after making a cursory examination of the debts against the estate, and the assets belonging to it, they supposed there would be property-enough to pay off all the debts, and accordingly proceeded to make payment to many of the creditors of the full amount of their debts. That since these payments were made, they have ascertained there will be a deficiency of assets; which deficiency is, in a great measure, produced by their inability to collect a large debt, which they felt confident would be realized, and under that conviction made the payments referred to; but which, by the insolvency of the payers, has turned out be wholly unavailable. They made the creditors,, whose debts they had paid in full, defendants to their bill, and prayed that they might be decreed to refund to them, so much of the amount paid them, as exceeded the sum to which they would be respectively entitled,, by a pro rata division of the assets among all the creditors.
For the purpose of having a decision of the question,, whether the creditors who have received full payment of their debts, can be compelled to refund according to the prayer of the bill, the parties admitted, “that the administrators had, before the bill was filed,, paid to the defendants more than their ratable share of the estate, under a belief that the estate would be sufficient to discharge all the debts, and that it appeared the estate would not be sufficient, owing to the failure of anticipated debts due to the estate; that the administrators are *148 solvent, and that there was no fraud or collusion on the part of the administrators, or on the part of the debtors who received full payment of their debts.” Upon these facts the Circuit Court decided that the creditors were not in equity bound to refund, and from that decree the administrators have appealed.
When administrators pay debts in full to a portion of the creditors, and the estate proves deficient, they cannot recover in equity of sucbt creditors any surplus so paid over what would have been their pro rata share of the estate, tho’ there was no fraud, but a, want of the proper-vigilance in ascertaining the am’t. of the estate.
*148 By the first section of the act of 1839, (3 Stat. Law, 240,) all debts are declared to be of equal dignity in the administration of estates, and are required to be paid ratably, in proportion to their amounts, by the executor or administrator, when the personal effects are not sufficient for the payment of all the debts against the estate; and it is enacted, that should more than the ratable share of any debt be paid, the executor or administrator shall only receive credit, in the settlement of his accounts, for its proper proportion.
By the fourteenth section, it is provided, that nothing in the act shall be construed to prevent an executor or administrator from paying the debts, at his own risk, when he deems the estate sufficient to pay all the debts of the decedent.
There is no part of the statute that authorizes an executor or administrator to reclaim any part of the money, he may expend in the payment of debts, when he deems the estate sufficient to pay all the debts, and there proves to be a deficiency of assets. It is evident that the statute affords him no aid, in such a case, but rather negatives his right to relief, by expressly declaring, that such payments shall be made at his own risk.
Cases may occur in which an executor or administrator would be entitled to relief. But to have a good title to such relief, it is indispensible that there should have been no negligence on the part of such an executor or administrator, and that lie should have acted with due caution in the payment of the assets. The mere fact that he labored under a mistake at the time, in reference to the sufficiency of the assets for the payment of the debts, does not give him a right to the interposition of a Court of Equity. The mistake may have resulted frpm his own negligence in not using the> *149 requisite diligence in ascertaining, either the amount of available assets, or the debts for which the estate was liable.
In this case the implication is strong, from the statements made by the administrators in the bill which they exhibited, that the mistake was the result of their own negligence. Their allegations are, that they made a cursory examination of the debts against the estate, and the assets belonging to it. They continued, under a belief that the assets were sufficient to pay all the debts, to make payments, until the amount paid out greatly exceeded all the available means belonging to the estate. That this arose, in part from a failure to keep an account of the sums paid out, and from a conviction that a debt of ten or twelve hundred dollars, due to their intestate, would be realized, but which turned out to be wholly unavailable. These are the only reasons assigned for their failure to file a bill in chancery under the statute for a settlement of the estate. They do not pretend that they made a careful and scrutinizing examination of the debts and liabilities, and of the amount of assets belonging to the estate, with a view to ascertain its solvency. They do not explain why they believed that the large debt alluded to would be realized, nor do they state that it was lost without any negligence on their part. That the individuals who owed it were solvent at the time they undertook the administration of the estate, and after-wards became suddenly insolvent is not alleged — and upon what their conviction of its availability was founded, does not appear. Their case is not helped by the admission of facts contained in the record. The substance of the admission is, that in paying the debts in full, they acted under á mistake in reference to the sufficiency of the assets, and there was no fraud or collusion on their part. The manner in which the mistake was produced is not admitted; and as it appears from the statements in the bill to have been the consequence of their heedlessness and want of caution, the- debts *150 paid by them were, in. the language of the statute, payments made at their own risk..
It has been decided, in the State of Massachusetts, Walker vs Hill, (17 Mass. Rep., 386,) that an administrator or executor, who has paid debts under a mistaken belief that the estate was solvent, may recover back from, the creditors the difference between the sums they had: received and the amount to which they are entitled ratably, if the estate prove to be insolvent. Although, it may be inferred, from the opinion of the Court in that case, that their statute for the administration and settlement of estates is, in many of its leading provisions, similar to ours, yet there may, and probably do exist, some distinctive features in the two statutes which demand a different rule to prevail in relation to the-question in this case. Our statute certainly contemplates a class of cases where the executor or administrator will pay the debts at his own risk, although he-may deem the estate sufficient to pay all the debts of the decedent. There would be no propriety in the language used by the statute, nor would it be allowing to-it any meaning, if an exposition be given to it by which, a mere mistaken belief entertained by the executor or administrator, as to the sufficiency of the assets, no. matter how it originated, or what cause produced it, will authorize the reclamation of the money, so far as it exceeds the ratable share of the debts paid.
The case, under our statute, differs essentially from, that at common law between executor and legatee,, where the former, having paid all debts known to exist, paid the legatee, under a supposition that the assets were sufficient; and afterwards, debts which were át the time unknown were demanded. The executor in such case was compelled to pay the debts, notwithstanding he had paid the legacy. And as the claim of the legatee was subordinate to that of the creditor, it was equitable and just that he should refund to the executor. But a different principle prevailed as to creditors, who, as a "general rule, could not be compelled to refund debts paid to them by the executor, although the *151 debt paid was a simple contract debt, and there were •outstanding debts of superior dignity sufficient to exhaust all the assets. The reason was, that the executor, by reasonable diligence, could always protect himself from loss, and if he paid a simple contract debt, knowing the estate in his hands was not more than sufficient to pay debts of superior dignity, it was done of his own wrong, and he could not reclaim the money. If he exhausted the assets in the payment of debts, as he was only required to respect the dignity of debts, so far as he had notice of the demands against the estate, the subsequent prosecution of an unknown debt, even if some of those which he had paid were not of equal dignity, did not render him liable for the debt of which he had no knowledge, and the loss had to be sustained by the negligent creditor.
Cates for plaintiffs.
Although our statute has removed the inequality which existed at common law among creditors, yet the rule of equality and ratable payments which it prescribes, applies only to known debts, and in this respect, leaves the executor upon the same ground which he occupied at common law: Commonwealth vs Richardson, et. al., (8 B. Monroe, 85.) There is no reason, then, for the application, in this case, of the doctrine of the common law, in cases between creditor and legatee, but that which prevailed between executor and creditor would seem to be more appropriate.
We would not, however, be understood as adopting the doctrine of the common law, applicable to either of the cases mentioned. We have determined this question upon the case presented in the complainant’s bill and the agreed facts, with reference to the provisions of the statute, and those general principles of equity which bear upon it, and are clearly of the opinion that the administrators are not entitled to a decree requiring the creditors to refund the money paid to them.
Wherefore, the decree is affirmed.